IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DRU D. BUCHAN | ) |
| | ) |
| v. | ) No. 3:11-1214 |
| | ) Judge Trauger/Bryant |
| NPC INTERNATIONAL, INC., ET AL. | ) |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

By order entered December 23, 2011 (Docket Entry No. 4), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motions.

Plaintiff Dru D. Buchan, a former employee of Defendant NPC International, Inc. (NPC), filed this pro se complaint against NPC and Connecticut General Life Insurance Corporation (CIGNA) in the Circuit Court for Davidson County, Tennessee on November 16, 2011. (Docket Entry No. 1-1 at pp. 5-8) The complaint asserts claims arising from CIGNA's failure to pay all of plaintiff's hospital bills from an emergency surgery performed in 2008, including claims for breach of contract; violation of the Tennessee Consumer Protection Act or, alternatively, intentional misrepresentation; and detrimental reliance. Id. On December 21, 2011, defendant NPC removed the case to federal court. (Docket Entry No. 1) On December 27, 2011, defendant NPC filed a motion to dismiss (Docket Entry No. 5) in which defendant CIGNA subsequently joined (Docket Entry No. 10), arguing that the claims of plaintiff's complaint are preempted by section 514(a) of the Employee Retirement Income

Security Act of 1974 (ERISA).[1]  For the reasons stated herein, the undersigned recommends that the motion to dismiss be GRANTED in part and DENIED in part.

## II. Factual Background

Plaintiff is a former employee of NPC. (Docket Entry No. 1-1 at p. 5)  In 2008, he enrolled in the Starbridge Health Insurance program offered through NPC.  Id.  The Starbridge Health Insurance Program was underwritten by CIGNA.  Id.  Plaintiff received a confirmation of enrollment package from CIGNA with an effective date of September 4, 2008.  Id.  According to this package, Plaintiff's daily inpatient hospital benefit had a maximum yearly limit of $50,000.  Id. at p. 6, ¶ 5.  In November of 2008, plaintiff was admitted to Southern Hills Medical Center where he underwent emergency surgery, resulting in a one-week hospital stay and approximately $50,000 worth of hospital bills.  Id.  Plaintiff alleges that his admission was pre-certified for insurance coverage prior to the surgery.  Id.  Notwithstanding that coverage, plaintiff alleges that CIGNA paid only $6,000 of the approximately $50,000 bill, leaving him with an unpaid hospital bill of approximately $45,000.  Id. at p. 10, ¶ 10.  Plaintiff claims that, upon his inquiry, he learned that his employer NPC had unilaterally changed his health coverage with CIGNA in October 2008 and that, as a result, his inpatient benefits had been unilaterally reduced from a yearly limit of $50,000 to a yearly limit of $3,000 for hospital inpatient treatment.  Id. at p. 6, ¶ 7.

---

[1]Section 514(a) or ERISA provides in pertinent part that:
> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . .

29 U.S.C. § 1144(a).

Plaintiff alleges that the notice of changes in his benefits was given by mail in December 2008, weeks after the changes were made effective and weeks after his surgery and hospitalization.  Id. at p. 6, ¶ 8.

Plaintiff claims that defendants "wrongfully breached the health insurance coverage contract they had with [him]" by changing the terms of his insurance coverage without notifying him of their intent to do so.  Id. at p. 7, ¶ 11.  Plaintiff also claims a violation of the Tennessee Consumer Protection Act because "Defendants' actions were intentionally deceptive and/or unfair when they unilaterally and drastically reduced [his] health insurance coverage . . . without prior warning[.]"  Id. at p. 7, ¶ 13.  In conjunction with this tort claim, plaintiff alleges that his credit rating was damaged by the defendants' actions.  Id. at p. 7, ¶ 14.  In the third count of his complaint, plaintiff asserts that he "relied to his detriment upon representations of the Defendants as to the status of the health coverage."  Id. at p. 8, ¶ 15.  Plaintiff's prayer for relief requests full payment of the $45,000 balance of his hospital bills, and that "[t]he defendants write a letter to Experian, TransUnion, and Equifax credit rating agencies specifically stating that their non-payment of this bill was an error, and not the fault of Mr. Dru D. Buchan, and that any references to collections on his credit bureau should be immediately deleted."  Id. at p. 8.

### III. Legal Conclusions

#### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-plead factual

allegations as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although Fed. R. Civ. P. 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  He must plead well enough to ensure that his complaint is more than "a formulaic recitation of the elements of a cause of action."  Id. at 555.  "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."  League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  Nevertheless, the court need not accept legal conclusions or unwarranted factual inferences as true, Iqbal, 556 U.S. at 677-78; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), and a complaint containing mere legal conclusions alone will "not unlock the doors of discovery for a plaintiff."  Iqbal, 556 U.S. at 678.  While a pro se complaint is to be "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), "basic pleading essentials" must still be met.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

B. Analysis of Defendants' Motion

Defendants NPC and CIGNA seek to dismiss plaintiff's complaint against them pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  Specifically, defendants assert that, because plaintiff's claims relate to an employer-sponsored employee benefit plan, the claims are preempted by section 514(a) of ERISA, 29 U.S.C. § 1144(a).  For the following reasons, the undersigned finds that plaintiff's tort claims are preempted by ERISA and therefore subject to dismissal, but that his claim for breach of contract is, in substance, an ERISA claim, which he confirms in his response to the motion to

4

dismiss, and which should therefore survive the motion to dismiss.

It is clear, and the parties agree, that the Starbridge Health Insurance program was an NPC-sponsored employee benefit plan and was therefore governed by the terms of ERISA. Defendants' motion to dismiss is based on the simple assertion that plaintiff's state law claims are preempted by ERISA and must therefore be dismissed. In support of their motion, defendants cite Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991). In Cromwell, a healthcare provider brought suit against the administrator of an employee benefit plan in state court, alleging breach of contract, promissory estoppel, negligence, and breach of good faith. 944 F.2d at 1272. After removal to federal court, the district court found three of the state law claims preempted by ERISA, and granted summary judgment to the plan administrator upon a finding that the fourth state law claim, for breach of contract, was in substance an ERISA claim which the healthcare provider had no standing to prosecute. Id. at 1275. The healthcare provider appealed. The Sixth Circuit affirmed the district court in all respects, noting that "ERISA preempts state law and state law claims that 'relate to' any employee benefit plan as that term is defined therein." Id. at 1275. The Sixth Circuit further noted that the phrase "relate to" is meant to be given "broad meaning such that a state law cause of action is preempted if 'it has connection with or reference to that plan.'" Id. at 1275-76 (quoting Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 730, 732-33 (1985)). "Only those state laws and state law claims whose effect on employee benefit plans is merely tenuous, remote or peripheral are not preempted. This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." Cromwell, 944 at 1276. See also Hutchison v. Fifth Third Bancorp., 469 F.3d 583, 587 (6th Cir. 2006).

5

Here, as is evident from plaintiff's complaint, all of his state law claims relate to the employee benefit plan (the Starbridge Health Insurance program) that he participated in through his employer, NPC. Indeed, the damages that plaintiff seeks are the health benefits that he claims he was wrongfully denied under the program. Only if plaintiff first had a right to such benefits could a court or jury compensate him as he requests. In Aetna Health, Inc. v. Davila, the Supreme Court examined when a claim might be preempted by ERISA and expressed that,

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B) . . . and the individual's cause of action is completely pre-empted by ERISA. . . ."

542 U.S. 200, 210 (2004). Accordingly, because plaintiff essentially seeks a determination of his rights and payment of benefits due under his employer-sponsored plan, his claims relate to activities exclusively regulated by ERISA; and, because "ERISA prevents the distinct state law tort scheme from superimposing an extra layer of regulation on top of the ERISA-regulated plan benefit determination," Hutchison, 469 F.3d at 588, his state tort claims must be dismissed.

After concluding their argument for preemption, defendants summarily state in their brief that "[a]dditionally, Plaintiff advances no allegation that would entitle him to relief under ERISA." (Docket Entry No. 6 at p.4) However, as was the case in Cromwell, plaintiff's "breach of contract claim set[s] forth an ERISA claim." 944 F.2d at 1279. In his response to defendants' motion to dismiss, plaintiff states that the case is properly before the federal district court and that the "underlying facts involve the failure of proper notification

6

of material modifications to a health insurance plan, which is an ERISA issue." (Docket Entry No. 22) Plaintiff continues by stating, as he had in his complaint, that he should have been notified of material plan changes well before December 16, 2008, when he alleges he received the first piece of mail concerning the change of plan benefits. Id. Plaintiff states that this was well after the sixty-day window for notification required under the ERISA statute. Id. Thus, construing his complaint in light of his response to the motion to dismiss, plaintiff does not appear to contest that his state tort claims are preempted by ERISA, but rather contends that defendants violated ERISA by redefining their contractual obligations to plaintiff without giving him due notice. As such, the undersigned concludes that an ERISA claim is fairly presented here, pursuant to 29 U.S.C. § 1132(a)(1)(B), and that plaintiff should be allowed to amend his complaint in order to formally allege such a claim.

## IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that defendants' motion to dismiss for failure to state a claim (Docket Entry No. 5) be GRANTED in part and DENIED in part.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 23rd day of August, 2012.

                                             s/ John S. Bryant
                                             JOHN S. BRYANT
                                             UNITED STATES MAGISTRATE JUDGE