IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DRU D. BUCHAN | ) |
| | ) |
| v. | ) No. 3:11-1214 |
| | ) Judge Trauger/Bryant |
| NPC INTERNATIONAL, INC., ET AL. | ) |

## SCHEDULING ORDER

This pro se action for recovery of ERISA benefits, pursuant to 29 U.S.C. § 1132(a)(1)(B), has been referred to the undersigned for pretrial management. (Docket Entry Nos. 4, 28) Following their removal of this matter from state court and the Court's resolution of their Rule 12 motions, Defendants NPC International, Inc., and Connecticut General Life Insurance Corporation have now filed their answers to plaintiff's state court complaint. (Docket Entry Nos. 31, 32) The following provisions will apply to the remainder of this litigation:

1. The propriety of removal to this Court, personal jurisdiction, venue, and service of process does not appear to be disputed.

2. As this action has been construed to seek the recovery of ERISA benefits under 29 U.S.C. § 1132(a)(1)(B), the Court's review is limited to a review of the administrative record before the claim decision-maker at the time the decision to deny benefits was made; a trial is not permitted. Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 616-20 (6th Cir. 1998). Consequently, discovery is not typically needed or appropriate. However, Sixth Circuit precedent leaves open the possibility of limited discovery, and the Court's consideration of such evidence discovered outside the administrative record, when a claim of

bias or violation of due process on the part of the decision-maker is raised. Id. at 618.

Defendants shall file the administrative record with the Court and serve a copy of same upon plaintiff no later than **November 19, 2012**. If plaintiff wishes to pursue such limited discovery as may be allowed in ERISA actions, he shall file a motion for discovery on or before **December 5, 2012**. This motion shall include as an exhibit whatever discovery requests plaintiff seeks to serve on defendants. Defendants shall have fourteen (14) days to respond to any such motion for discovery.

3. Any motions to amend the pleadings shall be filed on or before **December 28, 2012**.

4. If plaintiff does not seek to take discovery, the parties shall file cross-motions for judgment on the administrative record on or before **January 21, 2013**. Responses to these motions for judgment shall be filed on or before **February 21, 2013**.

If plaintiff does file a motion for discovery, the parties' cross-motions for judgment on the administrative record shall be filed within forty-five (45) days of the Court's ruling on the permissibility of the requested discovery.

5. Should proceedings in this matter necessitate any further scheduling conference with the Court, the undersigned will conduct a telephone conference at the request of any party.

It is so **ORDERED**.

s/John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

2