```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

DRU D. BUCHAN,                    )
                                  )
     Plaintiff,                   )
                                  )
v.                                )     No.  3:11-1214
                                  )     Judge Trauger/Bryant
NPC INTERNATIONAL, INC., et al.,  )
                                  )
     Defendants                   )
```

## MEMORANDUM AND ORDER

Four motions related to discovery are currently pending in this case: Plaintiff's "Motion to Compel, or in the Alternative, to Amend Previously Filed Discovery Requests as Motion for Discovery" (Docket Entry No. 39); Plaintiff's "Request to Amend the Record with Manual Filing" (Docket Entry No. 41); Plaintiff's "Motion to Extend Scheduling Order Based on Pending Discovery Requests" (Docket Entry No. 42); and Defendants' "Response to Plaintiff's Motion to Amend the Administrative Record and Motion to Compel Production" (Docket Entry No. 43).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** Plaintiff's motion to compel production, but only to the limited extent provided in this order. Plaintiff's request to amend the record and Defendants' motion to compel are denied, and Plaintiff's motion to extend scheduling order is **GRANTED.**

## STATEMENT OF THE CASE

Plaintiff Buchan, who is proceeding *pro se*, has filed this action seeking to recover certain medical insurance benefits to which he claims he is entitled under an employee health

insurance plan provided by his employer, NPC International, Inc., and underwritten by Defendant Connecticut General Life Insurance Corporation ("CGLIC") (Docket Entry No. 1-1). The Defendants have filed answers denying liability and asserting certain affirmative defenses (Docket Entry Nos. 31 and 32).

This Court has previously determined that Plaintiff's complaint should be construed as one asserting a claim under the ERISA statute (Docket Entry No. 28).

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

In summary, Plaintiff Buchan alleges that he enrolled in the Starbridge Health Insurance Program offered by his employer NPC, effective September 3, 2008, and was provided an enrollment package confirming his enrollment and describing benefits provided by the coverage (Docket Entry No. 1-1 at 10-11). Plaintiff alleges that his annual inpatient benefits health insurance coverage for hospitalization was for $50,000 (Docket Entry No. 1-1 at 6).

Plaintiff further alleges that on November 19, 2008, he was admitted to Southern Hills Medical Center for emergency surgery, requiring a one-week postoperative stay in the hospital, and resulting in total charges of $50,000. Plaintiff alleges that he had been precertified for this hospital admission and, understanding his annual inpatient benefit coverage for hospitalization to be $50,000, reasonably expected that his health

insurance policy would cover the entire bill.[1] However, Plaintiff Buchan later was informed that his medical insurance coverage paid only $6,000 of the total of his hospital bill from this surgical admission. When Plaintiff questioned NPC and CGLIC, he was told that his medical insurance claim had been "paid correctly."

Plaintiff Buchan further alleges that, after his enrollment in the company medical benefit plan in September 2008, NPC had unilaterally decided to reduce the health insurance coverage of its employees, but that notification of these reductions in coverage was not provided to him until a mailing in December 2008, weeks after the hospital charges at issue were incurred. Plaintiff maintains that he incurred the hospital expenses at Southern Hills Medical Center in November 2008 in reasonable reliance upon the insurance coverage information provided to him when he enrolled in September 2008, and that Defendants equitably should not be allowed to provide only the reduced benefits following the changing coverage of which he was not notified until December 2008.

---

[1] Plaintiff has alleged in his complaint that his initial September 2008 health insurance coverage provided an annual hospitalization benefit of $50,000, and that he therefore reasonably expected that his insurance would cover his entire hospitalization bill for his November 2008 hospital stay. It appears that Plaintiff may have misunderstood the limits of his hospitalization coverage. The undersigned Magistrate Judge observes, but does not find, that the Benefit Table (Docket Entry No. 1-1 at 11) describes two caps on the "Daily Inpatient Benefit," a daily cap of $500 per day for up to 100 days of hospitalization, yielding an annual cap of $50,000. While it is true that the coverage provided a maximum annual cap of $50,000, it appears that an insured would need to be hospitalized for 100 days in order to reach this annual cap at the rate of $500 per day. According to the complaint, Plaintiff was hospitalized for a week.

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On October 18, 2012, the undersigned Magistrate Judge entered a scheduling order in this case (Docket Entry No. 33). This order provides in pertinent part that discovery in ERISA cases is not typically needed or appropriate. However, following the filing of the administrative record, if Plaintiff wished to pursue limited discovery he should file a motion for discovery on or before December 5, 2012. This motion was ordered to include as an exhibit any proposed discovery that Plaintiff sought to serve on Defendants. Defendants were given 14 days thereafter to respond to any such motion for discovery.

Plaintiff failed to follow this order. Rather than filing a motion seeking leave to serve discovery, Plaintiff apparently served his first set of requests for production of documents upon defendants in early December 2012 (Docket Entry No. 39-1). Defendants filed a response in opposition to Plaintiff's motion for discovery (Docket Entry No. 38), and thereafter Plaintiff Buchan filed his "Motion to Compel, or in the Alternative, to Amend Previously Filed Discovery Requests as Motion for Discovery" (Docket Entry No. 39). Defendants have responded in opposition to Plaintiff's motion to compel discovery (Docket Entry No. 40).

The Sixth Circuit Court of Appeals has held that in reviewing a denial of benefits in an ERISA action, the district court is generally confined to the record that was before the Plan Administrator. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d

609, 615 (6th Cir. 1998). As a result, liberal discovery ordinarily allowed in other civil cases by the Federal Rules of Civil Procedure is inappropriate in ERISA cases. The Court has held as follows:

> In cases in which a plan administrator is given no discretionary authority by the plan, review of the plan administrator's decision by the district court-as well as the court of appeals-is *de novo*, with respect to both the plan administrator's interpretation of the plan and the plan administrator's factual findings. When conducting a *de novo* review, the district court must take a "fresh look" at the administrative record but may not consider new evidence or look beyond the record that was before the plan administrator.

*Wilkins*, 150 F.3d at 616 (citations omitted).

The undersigned Magistrate Judge has reviewed the requests for production of documents served by Plaintiff upon the Defendants. In light of the limited discovery generally available in ERISA actions, these requests exceed by far the scope of permissible discovery and, therefore, Plaintiff's "Motion to Compel, or in the Alternative, to Amend Previously Filed Discovery Requests as Motion for Discovery" (Docket Entry No. 39) must be largely denied. Nevertheless, given the somewhat unusual presentation of the claim in this case, the undersigned Magistrate Judge **GRANTS** Plaintiff's motion in part and orders that Defendants should provide to Plaintiff, no later than **September 16, 2013**, documents evidencing (1) the date upon which Defendants decided to modify Plaintiff's medical insurance coverage, and (2) the date and manner by which notice of these changes in medical insurance

5

coverage were provided to Plaintiff.

## OTHER MOTIONS

Plaintiff further has moved to amend the administrative record with a manual filing consisting of a compact disc of a recorded conversation (Docket Entry No. 41). The CD to which Plaintiff refers was not filed along with his motion, so the undersigned Magistrate Judge has been unable to listen to this recording in order to ascertain its contents. In addition, it does not appear that the recorded conversation on this CD was considered by the Plan Administrator when denying medical insurance benefits to Plaintiff Buchan. For these reasons, Plaintiff's motion to amend the record (Docket Entry No. 41) is **DENIED**.

Plaintiff has filed his "Motion to Extend Scheduling Order Based on Pending Discovery Requests" (Docket Entry No. 42). This motion is **GRANTED**. The following revised pretrial deadlines shall govern the progress of this case: The parties shall file cross-motions for judgment on the administrative record on or before **October 31, 2013**. Responses to these motions for judgment shall be filed on or before **December 2, 2013**.

Finally, Defendants' conditional motion to compel production of the compact disc referenced above (Docket Entry No. 43) is **DENIED** as moot.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge